Sandra

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7-2-99
BY cw

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

CV99-1198

SETH A. BECKER * CIVIL ACTION NO. ____________

VERSUS * JUDGE JUDGE SHAW L-O

TIDEWATER, INC., BAKER HUGHES, INC., R&B FALCON DRILLING USA, INC., AND CLIFFS DRILLING COMPANY * MAGISTRATE JUDGE ____________ MAGISTRATE JUDGE TYNES

**SUIT UNDER THE GENERAL MARITIME LAW AND JONES ACT**

**NOW INTO COURT**, through undersigned counsel, comes **SETH A. BECKER**, of the full age of majority and domiciled in Conrad, State of Montana, who respectfully represents:

1.

This action arises under the General Maritime Law and the Jones Act, since the accident occurred upon navigable waters on **CLIFFS DRILLING COMPANY'S** jack-up RIG 153, believed to be owned and operated by **CLIFFS DRILLING COMPANY** and/or **R&B FALCON DRILLING USA, INC.** upon the Continental Shelf in the Gulf of Mexico off the Coast of Louisiana.

2.

Made defendants herein are:

A. **TIDEWATER, INC.** (hereinafter referred to as "**TIDEWATER**"), a foreign corporation doing business within the State of Louisiana and within the Western District of Louisiana whose registered agent for service is S.O.P., Inc., 601 Poydras Street, Suite 1900, New Orleans, Louisiana 70130-6040;

B. **BAKER HUGHES, INC.** (hereinafter referred to as "**BAKER**"), a foreign corporation doing business within the State of Louisiana and within the Western District of Louisiana whose registered agent for service is CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809;

1

C. **R&B FALCON DRILLING USA, INC.** (hereinafter referred to as "**R&B FALCON**"), a foreign corporation doing business within the State of Louisiana and within the Western District of Louisiana whose registered agent for service is Capitol Document Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge, Louisiana 70809; and

D. **CLIFFS DRILLING COMPANY** (hereinafter referred to as **"CLIFFS"**), a foreign corporation doing business within the State of Louisiana and within the Western District of Louisiana whose registered agent for service is CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809.

3.

On or about June 8, 1999, your petitioner, **SETH A. BECKER**, was employed by **BAKER HUGHES, INC.** as a trainee/intern member of the crew of the vessel, **REPUBLIC TIDE** believed to be owned and operated by **TIDEWATER** upon navigable waters in the Gulf of Mexico.

4.

On or about June 8, 1999, petitioner, **SETH A. BECKER**, suffered serious injuries to his person while within the course and scope of his employment while temporarily aboard **R&B FALCON/CLIFFS DRILLING COMPANY'S** jack-up **RIG 153**.

5.

On or about June 8, 1999, petitioner, **SETH A. BECKER**, was suddenly and without warning pinned by a four inch diameter Koflex hose up on the main deck of **CLIFFS DRILLING COMPANY'S** jack-up **RIG 153** as the **REPUBLIC TIDE** drifted away from the rig dragging the **BAKER HUGHES** hose across complainant's legs like a dull saw resulting in the amputation of both of complainant's legs as he watched.

6.

**BAKER** was the Jones Act employer of petitioner and violated its non-delegable duty to claimant to provide a safe place to work and a seaworthy vessel in the **REPUBLIC TIDE** and its/their equipment thereon or attached thereto.

7.

Alternatively, **TIDEWATER** was the Jones Act employer at the time of the accident in question and violated its non-delegable duty to claimant to provide a safe place to work and a seaworthy vessel in **REPUBLIC TIDE**.

8.

Petitioner was injured through the negligence and/or unseaworthiness and/or vessel negligence and fault on the part of the defendants, **TIDEWATER** and/or **BAKER**, its principals, agents, servants and/or employees and/or those for whom it was responsible at the time of the hereinabove described accident in the following non-exclusive particulars:

A. Failure to drop the bow anchor prior to commencement of operations using the hose from the **REPUBLIC TIDE** to the **CLIFFS RIG 153**;

B. Inoperative and/or defective and/or inadequately maintained or inspected bow thruster which failed to operate as it should have;

C. Defective and/or inoperative and/or inadequately maintained or inspected anchor release/lowering mechanism which failed to operate as it should have;

D. Defective and/or inoperative and/or inadequately maintained or inspected vessel hose reel quick release/break away mechanism which failed to operate as it should have;

E. Defective and/or inoperative and/or inadequately maintained or inspected and/or not having adequate hose tie down and/or securing devices and/or in failing to adequately secure the hose from the **REPUBLIC TIDE** to the **CLIFFS DRILLING COMPANY** jack-up **RIG 153** deck and up to the drill floor;

F. Inattentiveness of the master or crew of the **REPUBLIC TIDE** - both **TIDEWATER** and **BAKER** personnel;

G. Failure to control the movement of the **REPUBLIC TIDE**;

H. Failure to provide complainant with a safe place to work;

I. Failure to provide a seaworthy vessel and equipment and appurtenances;

J. Failure to immediately evacuate claimant by helicopter to receive medical attention; and

K. Negligent supervision and/or other acts of negligence and unseaworthiness to be proven at the trial of the merits of this matter.

9.

Alternatively, **R&B FALCON** and **CLIFFS** are liable to claimant for his damages based upon what is believed to be one or more passive or active acts or omissions or negligence and/or failing to supervise the securing of the Koflex hose or equipment to its railing, decking and other parts of its vessel and otherwise do what it should have done and see what it should have seen.

10.

Alternatively and only in the event that your claimant is found not to be a Jones Act seaman, then claimant asserts his claim against **TIDEWATER** and **BAKER** pursuant to General Maritime Law and the Longshore and Harbor Workers' Compensation Act Section 905(b), et seq. for vessel negligence.

11.

Petitioner as a result of his injuries has sustained permanent and disabling injuries which caused damages as follows:

1. Loss of wages, past, present and future and loss of earning capacity, past, present and future: An amount reasonable in the premises to be determined at the trial of the merits of this matter;

2. Physical and mental pain and suffering to date and in the future: An amount reasonable in the premises to be determined at the trial of the merits of this matter;

3. Permanent disability and loss of enjoyment of life: An amount reasonable in the premises to be determined at the trial of the merits of this matter;

4. Medical expenses to date and in the future: An amount reasonable in the premises to be determined at the trial of the merits of this matter; and

5. Any other damages recoverable under the law in amounts reasonable in the premises.

12.

Claimant, **SETH A. BECKER**, is entitled to receive maintenance and cure benefits from **BAKER** and/or **TIDEWATER**, and in the event such is not timely and properly paid, now or in the future, to receive punitive damages and/or damages in the form of attorneys fees and costs from defendant for any egregious failure to timely and properly pay maintenance and cure and legal interest thereon.

13.

Complainant is entitled to and requests a trial by jury on all claims, issues and demands.

**WHEREFORE**, complainant, **SETH A. BECKER**, prays for a trial by jury and for judgment in his favor, over and against **TIDEWATER, INC.**, **BAKER HUGHES, INC.**, **R&B FALCON DRILLING USA, INC.** and **CLIFFS DRILLING COMPANY** for monetary damages, both general and special, in the full and true sum in amounts reasonable in the premises to be proven at the trial of the merits of this matter, in favor of **SETH A. BECKER**, plus costs of these proceedings and legal interest from the date of judicial demand and all other equitable

and just relief, and if proven, attorneys fees for any egregious failure to pay maintenance and cure.

RESPECTFULLY SUBMITTED BY:

**DOMENGEAUX, WRIGHT & ROY**

**JAMES PARKERSON ROY (La. Bar No. 11511)**
**JAMIE D. PARKER (La. Bar No. 25816)**
556 Jefferson Street, Suite 500
Post Office Box 3668
Lafayette, LA 70502-3668
Telephone: (318)233-3033
**ATTORNEYS FOR PLAINTIFF**

**SERVICE INFORMATION:**

**TIDEWATER, INC.**
Through its registered agent for service:
S.O.P., Inc.
601 Poydras Street, Suite 1900
New Orleans, Louisiana 70130-6040

**BAKER HUGHES, INC.**
Through its registered agent for service:
CT Corporation System
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809

**R&B FALCON DRILLING USA, INC.**
Through its registered agent for service:
Capitol Document Services, Inc.
8550 United Plaza Building II, Suite 305
Baton Rouge, Louisiana 70809

**CLIFFS DRILLING COMPANY**
Through its registered agent for service:
CT Corporation System
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **SETH A. BECKER** | * | **CIVIL ACTION NO. __________** |
| **VERSUS** | * | **JUDGE __________** |
| **TIDEWATER, INC., BAKER HUGHES, INC., R&B FALCON DRILLING USA, INC., AND CLIFFS DRILLING COMPANY** | * | **MAGISTRATE JUDGE __________** |

**PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

## AFFIDAVIT

**JAMES PARKERSON ROY**, being duly sworn, according to law, deposes and says:

That all of the allegations contained in the above and foregoing complaint are true and correct to the best of his knowledge, information and belief, and further, the complainant, **SETH A. BECKER**, is a seaman and as such, is entitled to the benefits of Title 28 U.S.C.A., Section 1916, which provides that seamen may institute and prosecute suits and appeals to the Courts of the United States in their own name and for their benefit for wages and salaries and for the enforcement of laws enacted for their health, safety and welfare, without prepayment of costs, or otherwise furnishing security therefor.

____________________
**JAMES PARKERSON ROY**

**SWORN TO AND SUBSCRIBED** before me this 2 day of July, 1999.

____________________
**NOTARY PUBLIC**