Seaman

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7/19/01
BY [illegible]

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **SETH A. BECKER** | * | **CIVIL ACTION NO. 99-1198** |
| **VERSUS** | * | **JUDGE HAIK** |
| **TIDEWATER, INC., BAKER HUGHES, INC., R&B FALCON DRILLING USA, INC., AND CLIFFS DRILLING COMPANY, ET AL** | * | **MAGISTRATE JUDGE TYNES** |

## GENERAL INSTRUCTIONS FOR CHARGE[1]

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

---

[1]**PATTERN JURY INSTRUCTIONS, 3. GENERAL INSTRUCTIONS FOR CHARGE (3.1)** Additional modification noted in bold. Deleted reference to felons and Notes, and retire to deliberate instruction.

411

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

"This is a civil case, and not a criminal case, and thus the Plaintiff, Seth Becker is not required to prove his claim beyond a reasonable doubt; in this civil case, on any point, if the evidence is more than 50% in favor of a particular finding, then you may consider such to be proven by a preponderance of the evidence." [NOTE: This paragraph added by agreement of all parties]

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted

to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

When you retire to the jury room to deliberate on your verdict, you may take *only* the exhibits I allow you to take, which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

I am now going to instruct you on the law specific to this case.

## JONES ACT—NEGLIGENCE[22]

Under the Jones Act, the plaintiff SETH BECKER must prove that his employer, Baker was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if Baker's negligent act caused the plaintiff's injury, in whole or in part, then you must find that the employer is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

The fact that the Baker conducted its operations in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his job [employment].

---

**[22]PATTERN JURY INSTRUCTIONS, 4. ADMIRALTY (4.1) Modifications in bold.**

If you find from a preponderance of the evidence that Baker assigned the plaintiff to perform a task that the plaintiff was not adequately trained to perform, you must find that Baker was negligent.

**UNSEAWORTHINESS**

READ THE "PROPOSED JURY CHARGE ON UNSEAWORTHINESS"

Attached

**PROPOSED JURY CHARGE ON UNSEAWORTHINESS**

Seth Becker has also brought an unseaworthiness claim against Tidewater Marine, L.L.C., who is considered to be the owner and operator of the Republic Tide. Under general maritime law, a shipowner/operator owes to every member of the crew employed aboard the vessel the absolute duty to keep and maintain the ship, her equipment, appliances, gear, and parts in a seaworthy condition, which simply means that the ship and her equipment is reasonably fit for its intended use.

In this case, Tidewater has stipulated that the Republic Tide was unseaworthy at the time of Seth Becker's accident. As such, it is your duty to determine whether the unseaworhiness of the Republlic Tide was a substantial cause, but not necessarily the only cause, of Seth Becker's injuries. In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a substantial cause of the injury. In other words, the plaintiff must show that the unseawothy condition played a substantial part in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition. Fifth Circuit Pattern Instructions, 4. Admiralty–Causation (4.6)

**TIDEWATER'S REQUESTED JURY CHARGE NO. 3:**

**There may be more than one cause of an injury or damage. Many factors or things, or the conduct of two or more parties may operate at the same time, either independently or together to cause injury or damage; and in such a case, each may be a proximate cause.**

## CAUSATION[23]

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, a different rule applies to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, in addressing the employer's negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question played a substantial part in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

[23]PATTERN JURY INSTRUCTIONS, 4. ADMIRALTY--CAUSATION (4.6)

## GENERAL MARITIME NEGLIGENCE[1]

**Plaintiff also claims Tidewater and Falcon are negligent under general maritime law. Tidewater and Falcon, as vessel owners, owed a duty to use reasonable care under the circumstances. In order to find Tidewater and/or Falcon negligent under general maritme law, you must find that Tidewater and/or Falcon failed to use reasonable care and that such failure was the proximate cause of the plaintiff's injuries.**

[1]New Proposed Charge

**PRODUCTS LIABILITY**

Claims have been made against Coflexip, Hydrarig, and Hydradyne, under the law of products liability which is a part of general maritime law.

A product can be considered unreasonably dangerous if it is defective in design or manufacture or if it is defective because of inadequate warnings. Section 402(A) requires the plaintiff to prove that: (1) that the defendant sold or manufactured the product; (2) that the product was unreasonably dangerous or was in a defective condition when it left the defendant's control; and (3) that the defect resulted in injury to the plaintiff."

**COFLEXIP, HYDRA RIG AND HYDRADYNE'S REQUESTED CHARGE NO. 1**

A manufacturer shall not be held liable for product liability damages where a substantial cause of the accident was a subsequent alteration or modification of the product. Failure to properly maintain the product can constitute alteration or modification of the Coflexip reel assembly. If you find that certain safety related items on the Coflexip reel assembly were improperly maintained and this improper maintenance created a danger that was a substantial cause of Mr. Becker's injuries, then you must find the manufacturers are not liable.

La. Rev. Stat. Ann.§9:2800.53(7); *Delphen v. Department of Transp. and Development, 657 So.2d 328, 333-334 (La. App. 4th Cir. 1995); LaPlante vs. American Honda Motor Co., 27 F.3d 731, 736 (1st Cir. 1994).*

**COFLEXIP, HYDRA RIG AND HYDRADYNE'S REQUESTED CHARGE NO. 3**

In a products liability action it must be proven not only that, but for the defect, the accident would not have occurred, but also that the product's defect was the proximate cause of the incident. *Wheat v. Pfizer, Inc.*, 31 F.3d 340 (5th Cir. 1994).

**COFLEXIP, HYDRA RIG AND HYDRADYNE'S REQUESTED CHARGE NO. 5**

To establish that a product is unreasonably dangerous because of inadequate instructions, a two-part test must be satisfied. First, you must determine that the damages would not have occurred if the product contained additional instructions. If you determine additional instructions would have prevented the damage, the risk-utility analysis must be satisfied. You must identify the risk the product created based on this evidence and then determine whether the danger of the risk outweighs the product's usefulness. *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000); *Bernard v. Ferrellgas, Inc.*, 689 So.2d 554, 558 (La. App. 3d Cir. 1997).

**COFLEXIP, HYDRA RIG AND HYDRADYNE'S REQUESTED CHARGE NO. 6**

Manufacturers and sellers are not liable for dangers known to the user. There is no duty to warn a user of a danger that is obvious or of a common knowledge. Neither is there a duty to warn a user, sometimes defined as a 'sophisticated user', who by expertise knew or should have known of the potential hazards associated with the use of the product and who has an obligation to inform its employees of such potential health hazard. If you determine that Baker was a sophisticated user, the manufacturer is not liable for dangers which were known or should have been known by the user. *Mallery v. International Harvester Co.*, 690 So.2d 765, 768 (La. App. 3d Cir. 1996).

## DAMAGES[26]

If you find that a defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; past medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical and life care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

You may not award damages for any injury or condition from which the

---

[26]**PATTERN JURY INSTRUCTIONS, 4. ADMIRALTY--DAMAGES (4.8)** Deleted instruction concerning punitive damages.

plaintiffs may have suffered, or may now be suffering, unless it has been proved by a preponderance of the evidence that the accident proximately or directly caused such injury or condition.

**LOSS OF FUTURE EARNINGS (REPLACEMENT FOR CULVER II)[27]**

If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

[27]PATTERN JURY INSTRUCTIONS, 4. ADMIRALTY--LOSS OF FUTURE EARNINGS (4.12)

## INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE[28]

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, [disability], [disfigurement], [mental anguish], [and/or] [loss of capacity for enjoyment of life] that the plaintiff experienced in the past [or will experience in the future] as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

---

[28]**PATTERN JURY INSTRUCTIONS, DAMAGES (15.4)**

**MEDICAL EXPENSES**[29]

Future medical expenses include the reasonable value of the expense of hospitalization, life care plan, medical, and nursing care and treatment that the plaintiff will require in the future because of his injuries which were caused by the defendants' wrongful conduct.

[29]**PATTERN JURY INSTRUCTIONS, DAMAGES (15.6)**

## MULTIPLE CLAIMS— MULTIPLE DEFENDANTS[30]

You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are **six** defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants.

You may find that more than one defendant is liable for a particular injury. If so, the plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable. Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages.

---

[30]**PATTERN JURY INSTRUCTIONS, DAMAGES (15.14)** Modification set forth in bold.

## INSTRUCTIONS ON DELIBERATION[31]

When you retire to the jury room to deliberate, you may ~~not~~ take with you ~~this charge and~~ the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

---

[31]**PATTERN JURY INSTRUCTIONS, 2. CAUTIONARY INSTRUCTIONS (2.12)**