RECEIVED

SEP 22 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE–OPELOUSAS DIVISION

| | |
|---|---|
| SETH BECKER | 99-1198 |
| VERSUS | CHIEF JUDGE HAIK |
| TIDEWATER, INC., ET AL | MAGISTRATE JUDGE HILL |

*************************************************************************

## RULING

Before the Court is the Motion of Baker Hughes, Inc. and Baker Oil Tools, Inc. a Division of Baker Hughes Oilfield Operations, Inc. to Recuse the Assigned Judge from Further Proceedings in this matter (Doc. #576). As the factual and procedural history of this lengthy case has been well documented throughout both the district and appellate court records, it is unnecessary to repeat or summarize it at this time. After a thorough review of the record and all documents, including the memoranda and exhibits filed in connection with this issue, the Motion is hereby **DENIED** as both untimely and without merit.

In its Motion, Baker Hughes, Inc. and Baker Oil Tools, Inc., a Division of Baker Hughes Oilfield Operations, Inc. ("Baker") alleges that Judge Haik's participation in settlement negotiations prior to the July 2001 trial resulted in his acquiring knowledge of the parties' respective settlement positions. Consequently, a bias was created placing his impartiality in question and making his current role as trier-of-fact improper. In support of its position, Baker cites statements made by Judge Haik during post-trial proceedings and the opinion of Fifth Circuit Court of Appeals in Becker v. Tidewater, et al, 405 F. 3d. 257 (5th Cir., 2005) ("Becker II"). This Motion has been opposed by the plaintiff, Seth A. Becker, and co-defendants

Tidewater, Inc. and R&B Falcon Drilling USA, Inc. All parties have filed Affidavits, exhibits, and transcripts in support of their positions.

First and foremost, it is important to note that this case was filed on July 2, 1999 and tried for nine full days beginning on July 9, 2001. Following the trial, a hearing on post-trial motions was held; the case was appealed to the Fifth Circuit Court of Appeals (Becker v. Tidewater, Inc., et al, 335 F. 3d. 376 (5th Cir. 2003) ) ("Becker I") and remanded for reconsideration; numerous issues, including an amendment of the complaint to conform to Rule 9(h), were argued to and determined by the district court; and, finally, a second appeal was taken to the Fifth Circuit ("Becker II") in mid 2004. At no time during those several years of proceedings did Baker raise the subject of recusal. Baker broached the subject only after the second appeal was taken and failed to formally file a motion until July 1, 2005. To date, Baker has offered no good cause for its failure to timely raise the recusal issue.

It is well settled that a motion to disqualify a judge must be brought within a reasonable time after discovering facts that show bias. In United States v. Sanford, 157 F.3d. 987, 988-89 (5th Cir. 1998), the Fifth Circuit stated, "The general rule on timeliness requires that 'one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.'" (citing Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d. 1404, 1410 (5th Cir. 1994)). Additionally, the Fifth Circuit has rejected recusal motions raised for the first time on appeal, such as in this case. This is especially true in cases where it appears a party has waited to see if a particular outcome is pleasing before raising the recusal issue.[1] In this case, Baker not only waited several years to file its motion, but until after recently filed, heavily-contested issues were decided.

---

[1] Id. at 989.

Baker's argument that it was not faced with the possibility of Judge Haik becoming the trier-of-fact until after the 9(h) amendment carries no weight.[2] As noted by the Fifth Circuit Court of Appeals in the Becker II opinion:

> "When the settlement negotiations failed, the judge was faced with the possibility of also becoming the trier of fact. Indeed, it was eminently reasonable to expect such an occurrence–had the jury found Becker to be a longshoreman rather than a seaman, the judge would have been the fact finder in a non-jury trial."[3]

Moreover, important indemnity issues were always reserved to the District Court.[4] Clearly, the proper time to have sought recusal of the trial judge was when the parties' settlement negotiations failed prior to the July 2001 trial. Four years later can not be considered timely. Further, as noted by the appellate court in Becker II, Baker failed to meet the "stringent procedural requirements" set forth in 28 U.S.C. section 144. These requirements include filing an affidavit, accompanied by a good faith certificate, stating the facts and reasons supporting Baker's claim of bias or prejudice at least **ten days** before a proceeding is to be heard or showing **good cause** for the failure to do so (emphasis added). Baker failed on all counts.

Even assuming for the sake of argument that the Motion was timely filed, it fails to present any evidence justifying recusal. The conference at issue was requested **by counsel for**

---

[2] See Baker Hughes Reply Memorandum, page 3, and Affidavits of Allen F. Campbell and John McDonough attached as Exhibits "A" and "B". Conspicuously absent is an Affidavit from Baker's original trial counsel John Galloway, who, from all accounts, was present during all pertinent discussions and proceedings.

[3] Becker v. Tidewater, Inc., et al, 405 F.3d. 257, 260 (5th Cir., 2005)

[4] See Affidavit of Cliffe E. Laborde III attached as Exhibit "A" to Tidewater's Memorandum in Opposition.

**Baker** and only defense counsel participated.[5] At no time did Judge Haik participate in settlement negotiations between the plaintiff and the defendants. As evidenced by the Affidavits, the conference lasted approximately 10-15 minutes and involved only a discussion of matters related to a potential defense settlement fund. In fact, in his Affidavit, James Cobb stated that the numbers discussed during the short meeting were suggested by him, not Judge Haik.[6] Additionally, no evidence has been presented showing that Judge Haik gained knowledge of the defendants' ultimate decisions as to the settlement value of the case, their settlement authority, or their positions outside of their failure to reach an agreement.

In reality, the Affidavits show that nothing more took place than what often occurs in the normal course of proceedings. It is quite common for a trial judge to explore the possibility of settlement. This is particularly true is cases such as this where a severely injured plaintiff carries little or no fault and the parties are faced with a lengthy and expensive trial. Judge Haik, at the request of the defendants and with plaintiff's approval, met with defense counsel in an attempt to assist them in forming a consolidated settlement offer. When it became clear the defendants were not going to come to an agreement, the meeting concluded and the parties proceeded to trial. There was, from all evidence presented, no true "mediation" of this case and Judge Haik showed no hostility toward any party, did not "strong arm" anyone, and was "open and dignified"[7] at all times. The simple meeting described by all was not improper and in no way

---

[5] Referring to this conference as a "settlement conference" is not supported by the evidence, exhibits, and Affidavits submitted in this case.

[6] See Affidavit of James A. Cobb, Jr. attached as Exhibit "B" to the Memorandum in Opposition filed by Tidewater Inc.

[7] See Affidavit of Allen F. Campbell, attached as Exhibit "A" to the Motion to Recuse the Assigned Judge From Further Proceedings in this Matter.

necessitates the recusal of Judge Haik.

The comments made by Judge Haik during post-trial hearings, and cited by Baker in support of its claim of bias, hardly rise to a level requiring recusal of a trial judge. All of the comments noted, in fact, were made and based upon knowledge gained <u>during</u> judicial proceedings. The United States Supreme Court has found that intrajudicial comments rarely require recusal.[8] The Fifth Circuit has done the same.[9] In <u>Liteky v. United States</u>, the Supreme Court held that recusal is required when a judge displays a "deep-seated and unequivocal antagonism that would render fair judgment impossible."[10] After an application of the <u>Liteky</u> standard and a comparison of Judge Haik's comments to those of various cases cited in the opposition memoranda, the only conclusion to be drawn is that Judge Haik's comments fall far from the recusal mark.

Finally, Baker argues that the comments of the Fifth Circuit in the <u>Becker II</u> opinion support the recusal of Judge Haik from further proceedings. This Court's reading of that language fails to reach the same conclusion. As previously noted, the appellate court distinctly cited Baker's failure to meet the requirements set forth in 28 U.S.C. section 144. To date, Baker has still not satisfied those elements.[11] Further, the language of the appellate court strongly suggests that Baker should have filed its Motion to Recuse when the "possibility" of Judge Haik becoming the trier of fact "materialized"--that is, prior to the commencement of the July 2001

---

[8] <u>Liteky v. United States</u>, 114 S. Ct. 1147 (1974).

[9] <u>Andrade v. Chojnacki</u>, 338 F. 3d. 448 (5th Cir., 2003)

[10]<u>Liteky</u>, supra, at 1150

[11] Baker has failed to file an affidavit, and good faith certificate from counsel of record, setting forth the facts and reasons for the belief that bias or prejudice exists; failed to follow the time delays set forth in 28 U.S.C. section 144; and failed to offer good cause for its failure.

trial.[12] The appellate court also stated that Judge Haik's role as trier of fact at that time would have been inappropriate because of his "discrete knowledge of the parties' evaluation of their respective financial positions on settlement."[13] Although a mediator would gain that sort of knowledge during a typical mediation, that is not what occurred in this case.[14] This Court finds nothing in the Becker II decision that suggests Judge Haik should be recused from further proceedings at this time.

In conclusion, it is hereby held that the Motion of Baker Hughes, Inc. and Baker Oil Tools, Inc. a Division of Baker Hughes Oilfield Operations, Inc. to Recuse the Assigned Judge from Further Proceedings in this matter (Doc. #576) is plainly untimely and lacking in any evidence which would cast doubt on Judge Haik's impartiality in the mind of a reasonable person. The undersigned could express his own views on what he believes to be the underlying motivation for the filing of this motion, but will refrain from doing so in an effort to keep this record neutral and unbiased, as it has always been.

THUS DONE AND SIGNED on this the 22nd day of September, 2005.

JUDGE G. THOMAS PORTEOUS
UNITED STATES DISTRICT COURT

---

[12] "After that possibility materialized, he should have been recused, either by offering to do so *sua sponte* or by granting a recusal motion filed by a party.", Becker v. Tidewater, Inc., et al, 405 F.3d. 257, 260 (5th Cir., 2005)

[13] Becker v. Tidewater, Inc., et al, 405 F.3d. 257, 260 (5th Cir., 2005)

[14] The Affidavits submitted in this case state only that Judge Haik was made aware of the history of settlement negotiations, the parties positions at that particular point in the settlement process, and the parties views on the value of the case. It was never alleged that Judge Haik had gained discrete knowledge of the parties' settlement authority or ultimate financial positions.